```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
JOHN MAPP,

                        Petitioner,
        -against-                          **MEMORANDUM AND ORDER**
                                           14-CV-5262 (FB)
UNITED STATES OF AMERICA,

                        Respondent.
---------------------------------------------------x
```

*Appearances:*
*For the Petitioner:*
JOHN MAPP, *pro se*
46266-053
FCI Otisville
P.O. Box 1000
Unit Echo Bravo
Otisville, NY 10963


**BLOCK, Senior District Judge:**

On August 26, 2014, *pro se* petitioner John Mapp ("Mapp") filed a motion for a writ of *audita querela* vacating, or in the alternative reducing, his sentence. On September 23, 2014, the Court interpreted his motion as a successive habeas petition for which prior authorization had not been granted and transferred it to the Second Circuit. On December 1, 2014, the Second Circuit remanded Mapp's motion and instructed the Court "to consider whether his claim . . . could have properly been brought under 18 U.S.C. § 3582(c)(2), and, if so, to consider the claim on the merits."

Following the remand, Mapp submitted an affidavit stating that his motion "is not one submitted pursuant to § 3582(c)(2) . . . thereby leaving the only way of approach to be under the Writ of Audita Querela." Affidavit of John Mapp, Docket Entry No. 4 (Dec. 17, 2014), at ¶¶ 4-5. For the reasons that follow, the Court agrees with Mapp that his claim cannot be brought under § 3582(c)(2). Since the Court further concludes that *audita querela* relief is unavailable, Mapp's motion is denied.[1]

## I.

On April 26, 1996, Mapp was indicted for thirteen counts relating to a series of robberies that took place around Brooklyn, New York, in 1990 and 1991. On September 16, 1996, a jury found him guilty of one count of robbery, one count of attempted robbery, and one count of entering a bank with intent to commit a felony. The jury was unable to reach a verdict on the remaining counts.[2]

On September 23, 1996, the Court sentenced Mapp to a 450-month term of imprisonment, an upward departure from the recommended Guidelines sentencing

---

[1]Mapp also asks the Court to appoint counsel to assist in his motion. Having determined that his motion is lacking in merit, the Court declines to do so. *See Mock v. United States*, 632 F. Supp. 2d 323, 326 n.1 (S.D.N.Y. 2009) ("This Court declines to appoint counsel . . . because [petitioner's] request for a sentence reduction below the amended Guidelines lacks substance.").

[2]At the close of evidence, the Court dismissed two counts for lack of venue.

range of 262 to 327 months.[3] As the basis for its upward departure, the Court found by clear and convincing evidence that: (1) Mapp had participated in three robberies which were charged in the indictment but about which the jury could not reach a verdict; and (2) each of the three robberies involved heinous conduct, namely the shooting – and, in one case, murder – of a victim. *See* U.S.S.G. § 5K2.0 (1996) (sentencing court may depart upwardly "if the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission") (quoting 18 U.S.C. § 3553(b)).

Mapp's conviction and sentence were affirmed on appeal. *See United States v. Mapp*, 170 F.3d 328 (2d Cir. 1999).

## II.

Mapp argues that his sentence should be vacated, or in the alternative reduced, because Amendment 651 to the Sentencing Guidelines – which became effective on November 3, 2003 – rendered the Court's basis for upward departure impermissible. The Court will first consider whether this claim may be brought under 18 U.S.C. § 3582(c)(2) before addressing whether *audita querela* relief is appropriate.

---

[3]In calculating the recommended Guidelines range, the Court concluded that Mapp was a career offender based on his prior state court convictions for robbery, and accordingly applied a sentencing enhancement pursuant to U.S.S.G. § 4B1.1. This enhancement increased the recommended Guidelines range from 110 to 137 months to a range of 262 to 327 months.

3

## A.

Under 18 U.S.C. § 3582(c)(2), a federal court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." This provision, however, only applies to Guidelines amendments that have been given retroactive effect by the Commission. *See Dillon v. United States*, 560 U.S. 817, 826 (2010) ("A court's power under § 3582(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."). U.S.S.G. § 1B1.10(c) specifies which amendments have retroactive effect. *See United States v. Erskine*, 717 F.3d 131, 134 (2d Cir. 2013) ("The list of amendments allowing for . . . retroactive [sentencing] reductions appears in subsection (c) of the policy statement at § 1B1.10 of the Guidelines . . . .").

Amendment 651 is not included in U.S.S.G. § 1B1.10(c) and so does not have retroactive effect.[4] Accordingly, Mapp cannot seek a sentence reduction based on Amendment 651. *See, e.g., United States v. Cabrera*, No. 05-CR-1008, 2011 WL 476616, at *1 (S.D.N.Y. Feb. 9, 2011) (concluding that defendant could not seek a sentence reduction based on an amendment not listed in U.S.S.G. § 1B1.10).

---

[4]The covered amendments are 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1)). *See* U.S.S.G. § 1B1.10(c).

**B.**

While the writ of *audita querela* has been abolished in civil cases, *see* FED. R. CIV. P. 60(e), it "remains available in limited circumstances with respect to criminal convictions." *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam) (internal quotation and punctuation marks omitted) (quoting *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001)). Specifically, *audita querela* relief "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *Id.* (quoting *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995)). Thus, the writ "survives only to the extent that it fills gaps in the current systems of postconviction relief." *Id.* (internal quotation and punctuation marks omitted) (quoting *Valdez-Pacheco*, 237 F.3d at 1079).

No such gap appears here. The Commission has carefully considered which amendments to the Guidelines have retroactive effect, and has concluded that Amendment 651 does not apply retroactively. Allowing a petitioner to bypass the restrictions of § 1B1.10 simply by invoking the writ of *audita querela* would effectively render those restrictions null and void. Such an absurd result cannot be countenanced. *See United States v. Simms*, 866 F. Supp. 2d 94, 99 (D. Conn. 2011) ("If the writ of *audita querela* gave federal judges the power to modify sentences anytime

something happened after sentencing that prompted an equitable objection, the narrow exceptions to finality detailed in 18 U.S.C. § 3582 would become pure surplusage."); *cf. Reese v. United States*, No. 11-CV-3813, 2011 WL 3648373, at *2 (E.D.N.Y. Aug. 17, 2011) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction framework that could make *audita querela* relief necessary.").

## III.

Finally, the Court notes that, even if Mapp *could* bring his claim via § 3582(c) or by a writ of *audita querela*, his claim nonetheless fails on the merits. Mapp argues that the following text of Amendment 651 rendered the Court's basis for upward departure improper:

(a) LIMITATION ON DEPARTURES BASED ON MULTIPLE CIRCUMSTANCES— The court may depart from the applicable guideline range based on a combination of two or more offender characteristics or other circumstances only if:

   (1) such offender characteristics or other circumstances, taken together, make the case an exceptional one; and

   (2) each such offender characteristic or other circumstance is

      (A) present to a substantial degree; and

      (B) identified in the guidelines as a permissible ground for departure, even if such offender characteristic or other circumstance is not ordinarily relevant to a determination of whether a departure is warranted.

U.S.S.G. Manual, App. C, Vol. II (Amendments to the Guidelines Manual effective November 1, 1998, through November 5, 2003), at 338-339.

While the relevance of this amendment is not immediately clear, "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Applying this standard, Mapp appears to argue that (1) the Court relied upon a combination of two or more circumstances at sentencing, and (2) at least one of those circumstances was not identified as a permissible ground of departure, rendering the Court's departure improper under Amendment 651.

This argument fails. The Court departed upwardly after finding, by clear and convincing evidence, that Mapp's participation in the three robberies – which resulted in the murder of one victim and the shooting of several others – was "absolutely heinous activity." May 7, 1997 Sentencing Tr. at 85. To the extent that this departure was based on multiple circumstances, those circumstances were permissible grounds for departure under the Guidelines. *See* U.S.S.G. § 5K2.2 (court may upwardly depart "[i]f significant physical injury resulted"); U.S.S.G. § 5K2.8 (court may upwardly depart "[i]f the defendant's conduct was unusually heinous"). Accordingly, even if Amendment 651 had been in effect at the time of Mapp's sentencing, the Court's analysis and sentence would not have been affected.

Mapp also appears to argue that the Court was prohibited from considering the three robberies because they were not "relevant conduct" under U.S.S.G. § 1B1.3. However, Amendment 651 did not change the definition of "relevant conduct." Furthermore, the Court's determination that the three robberies were relevant, and therefore appropriate for consideration at sentencing, was challenged on appeal and affirmed by the Second Circuit. *See Mapp*, 170 F.3d at 339 ("[I]t was within the district court's discretion to consider conduct as to which the jury was simply unable to reach a verdict."). Mapp is therefore barred from relitigating this claim now. *See United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack.").

## IV.

For the foregoing reasons, Mapp's motion is denied.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 31, 2015